UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

F.H.H.,

                Petitioner,

   -against-

KENNETH GENALO, in his official capacity as Field Office Director of New York, Immigration and Customs Enforcement; TODD LYONS, in his official capacity as Acting Director U.S. Immigrations and Customs Enforcement; KRISTI NOEM in her official capacity as Secretary of Homeland Security; PAM BONDI, in her official capacity as Attorney General,

                Respondents.

**MEMORANDUM & ORDER**
26-CV-00525 (HG)

**HECTOR GONZALEZ**, United States District Judge:

On January 29, 2026, U.S. Immigration and Customs Enforcement ("ICE") detained Petitioner F.H.H. ("F.H.H." or "Petitioner") at his probation meeting in Nassau County and transferred him to 535 Federal Plaza in Central Islip. On February 1, 2026, Petitioner was again transferred, this time to 26 Federal Plaza in Manhattan, and he is currently detained at Orange County Jail. Petitioner now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1.[1] For the following reasons, his petition for a writ of habeas corpus is GRANTED.

---

[1]     Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

# BACKGROUND[2]

Petitioner is a citizen of El Salvador who arrived in the United States in 2004 without inspection. ECF No. 1 ¶¶ 1, 18, 20. While living in New York, Petitioner met his former partner, who allegedly subjected him to labor trafficking and physical and psychological abuse. *Id.* ¶ 21. For instance, according to Petitioner, his former partner would call the police and falsely accuse him of abusing her, which would result in his arrest. *Id.* ¶ 22. In connection with this relationship, over the course of approximately one year, Petitioner pled guilty twice to criminal contempt in the second degree and also pled guilty to criminal contempt in the first degree and menacing in the second degree. *Id.*; *see also* ECF No. 7-1 ¶¶ 5–6, 8–9 (Declaration of Carla Calidonio). In 2022, Petitioner was also charged with, but not convicted of, burglary in the second degree. ECF No. 7-1 ¶ 9; ECF No. 8-1 ¶ 16 (Declaration of Kareem Biggs).

On September 8, 2023, Petitioner was charged as removable as a noncitizen "present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General," pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), ordered to appear before an immigration judge, and detained under 8 U.S.C. § 1226(a). ECF No. 1 ¶ 24. Petitioner subsequently filed an application for asylum based on his

---

[2] The Court relies on evidence submitted by both parties in outlining the facts relevant to this Order. *See Hyppolite v. Noem*, No. 25-cv-4304, 2025 WL 2829511, at *2 n.1 (E.D.N.Y. Oct. 6, 2025); *Munoz Materano v. Arteta*, No. 25-cv-6137, 2025 WL 2630826, at *1 n.1 (S.D.N.Y. Sept. 12, 2025). The Court notes that the government does not endorse certain facts asserted by Petitioner, such as the trafficking and abuse he allegedly suffered, but any factual dispute between the parties has no bearing on the Court's legal analysis.

Relatedly, after review of all the submissions, the Court finds that the Petition "present[s] only issues of law," and it may, therefore, be adjudicated without a hearing. *See* 28 U.S.C. § 2243 (directing courts to "determine the facts, and dispose" of habeas petitions expeditiously, "as law and justice require"); *see also Tumba Huamani v. Francis*, No. 25-cv-8110, 2025 WL 3079014, at *1 n.1 (S.D.N.Y. Nov. 4, 2025).

past persecution by the Salvadoran police and risk of future persecution. *Id.* ¶ 25; ECF No. 1-1 ¶¶ 3, 7 (Declaration of Isabel Zuniga, Esq.).

On October 5, 2023, the New York State Office of Temporary and Disability Assistance sent Petitioner a letter advising that he met the criteria for confirmation as a human trafficked person in New York State. ECF No. 1 ¶ 26; *see* ECF No. 1-2 (New York State Notice of Confirmation of Human Trafficking). And on February 8, 2024, the immigration judge granted the parties' joint motion to dismiss Petitioner's removal proceedings, with the government allegedly "agreeing to termination in part because it was taking F.H.H.'s allegations of trafficking seriously." ECF No. 1 ¶ 27; ECF No. 1-1 ¶ 8; *see* ECF No. 1-3 (Order on Motion to Dismiss). Upon termination of his removal proceedings, Petitioner was released from ICE custody with no conditions or supervision. ECF No. 1 ¶ 28.

On January 29, 2026, Petitioner was arrested by two unidentified ICE officers while waiting to attend his bi-monthly probation meeting in Mineola. *Id.* ¶ 32; ECF No. 1-1 ¶ 12. He was then transferred to 535 Federal Plaza in Central Islip, where ICE officers served him with a new Notice to Appear, which again charged him as removable under 8 U.S.C. § 1182(a)(6)(A)(i).[3] ECF No. 1 ¶ 33; ECF No. 1-1 ¶ 17; ECF No. 1-4 (Notice to Appear). According to Carla Calidonio, Assistant Field Office Director at ICE, Petitioner was next transferred to Nassau County Correctional Facility, where he stayed from January 29, 2026, to

---

[3] According to Petitioner, the Notice to Appear contained numerous errors with respect to his identifying information. ECF No. 1 ¶ 33; ECF No. 1-1 ¶ 17; ECF No. 1-4.

3

February 1, 2026.  ECF No. 7-1 ¶¶ 1, 11–12.  On February 1, Petitioner was transferred to 26 Federal Plaza, and he is currently detained at Orange County Jail.[4]  *Id.* ¶¶ 13, 16.

Petitioner initiated the instant action by filing a petition for a writ of habeas corpus on January 29, 2026.  ECF No. 1 ("Petition").  The next day, the Court issued an Order to Show Cause directing the government to show cause why a writ of habeas corpus should not be granted, why it should not be ordered to immediately release Petitioner from detention, and whether the instant Petition is controlled by this Court's prior opinions in *O.F.B. v. Maldonado*, No. 25-cv-6336, 2025 WL 3277677 (E.D.N.Y. Nov. 25, 2025), *R.P.L. v. Maldonado*, No. 25-cv-6886, 2025 WL 3731864 (E.D.N.Y. Dec. 26, 2025), and *Ndiaye v. Francis*, No. 26-cv-0069, 2026 WL 99930 (E.D.N.Y. Jan. 14, 2026).[5]  *See* Jan. 30, 2026, Text Order.  On February 4, 2026, the government filed its response.  *See* ECF No. 8 ("Response").

The government's Response notes that, while it disagrees with the Court's rejection of its argument that 8 U.S.C. § 1225 applies to noncitizens who had been living in the country before they were detained, it nevertheless "acknowledge[s] that [this Court's] prior decisions in *O.F.B.*, *R.P.L.*, and *Ndiaye* would control the outcome here, and recognize[s] that it would be futile to repeat the government's statutory interpretation arguments in opposing the [instant] habeas petition."  *Id.* at 3.  The government also purports to "reserve[] the right to, in the future, detain Petitioner under one or more of the subsections of § 1226(c)(1) or, as relevant, and an

---

[4] ICE detained Petitioner outside of this District for the reasons explained in the government's request to amend *nunc pro tunc* the Court's January 30, 2026, Order to Show Cause, *see* ECF No. 7 (Motion to Amend), which the Court granted, *see* February 4, 2026, Text Order.

[5] In the interest of judicial economy, the Court does not repeat the legal discussions and analyses from those cases in this Order but instead incorporates same by reference herein.

4

administratively final removal order is issued, under 8 U.S.C. § 1231, not least § 1231(a)(2)." *Id.*

Petitioner filed a reply today, February 6, 2026, in which he argues that the government acknowledges that *O.F.B.*, *R.P.L*, and *Ndiaye* control the outcome here, and the Court should therefore order Petitioner's immediate release, as the Court did in those cases. *See* ECF No. 9 at 1 ("Reply"). Petitioner additionally requests that the Court order the government to "return [Petitioner] to the status of liberty he enjoyed prior to the recent re-detention," meaning Petitioner be free from "any electronic monitoring by [ICE] or any required in-person or phone check-ins with ICE or its Intensive Supervision Appearance Program," or any other "constraints on his liberty imposed by immigration authorities." *Id.* at 1–2. Finally, Petitioner points out that despite the government's reservation of the right to detain Petitioner in the future under 8 U.S.C. § 1226(c) or § 1231, the government does "not take the position that this reservation prevents the Court from ordering Petitioner immediately released from his current detention."[6] *Id.* at 2.

The Court issues the instant Order today in light of its obligation to "determine the facts, and dispose" of habeas petitions expeditiously, "as law and justice require." 28 U.S.C. § 2243.

## LEGAL STANDARD

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." *Harrington v. Richter*, 562 U.S. 86, 91 (2011); *see also Ozturk v. Hyde*, 136 F.4th 382, 393 (2d Cir. 2025). A petition for a writ of habeas corpus under Section 2241 "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or law or treaties of the United States.'" *Wang v. Ashcroft*, 320

---

[6] Petitioner also advances arguments regarding the applicability and constitutionality of 8 U.S.C. § 1226(c)(1)(E), which the Court need not address to resolve the instant Petition. *See* ECF No. 9 at 2–3.

5

F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)). "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." *Lopez v. Sessions*, No. 18-cv-4189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)).

## DISCUSSION

In the instant Petition, F.H.H. seeks a writ of habeas corpus based on: (1) a violation of the Due Process Clause of the Fifth Amendment, both with respect to procedural and substantive due process requirements, and (2) a violation of the Immigration and Nationality Act ("INA"). ECF No. 1 ¶¶ 76–92.

In response, the government reiterates its now-familiar position—that "ICE has properly detained Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A), and that such detention is mandatory," ECF No. 8 at 3—despite sweeping rejection by district courts across the country.[7] The

---

[7] In November, the number of nationwide cases concerning the position the government reiterates here was approaching 400. *See Barco Mercado v. Francis*, No. 25-cv-6582, 2025 WL 3295903, at *4, *13 (S.D.N.Y. Nov. 26, 2025) (collecting 362 cases into appendices, one listing 350 cases where courts rejected the government's position, and the other, listing 12 cases that have gone the other way). To be sure, "[t]hat number has certainly increased . . . since Judge Kaplan [in *Barco Mercado*] undertook a comprehensive study and compiled the appendices listing 362 cases." *Sidqui v. Almodovar*, No. 25-cv-9349, 2026 WL 251929, at *9 (S.D.N.Y. Jan. 30, 2026).
    Recently, courts surveying the decisions in this Circuit and this District have found similar results. *See Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569, at *3 (E.D.N.Y. Jan. 6, 2026) ("[I]n the last four months," courts "within the Eastern District of New York . . . have unanimously rejected the government's interpretation.").
    As the government notes, it "has appealed a decision holding that Section 1226(a), as opposed to Section 1225(b), applies." ECF No. 8 at 3 n.3 (citing *Barbosa da Cunha v. Freden*, No. 25-cv-6532, 2025 WL 3280575 (W.D.N.Y. Nov. 25, 2025), Second Cir. No. 25-3141). The petitioners in two of the cases "in this circuit that agree with the government's interpretation" have appealed. *See Ye v. Maldonado*, No. 25-cv-6417, 2025 WL 3521298, at *2 n.7 (E.D.N.Y Dec. 8, 2025); ECF No. 8 at 3 n.3 (citing *Chen v. Almodovar*, No. 25-cv-8350, 2025 WL 3484855 (S.D.N.Y. Dec. 4. 2025), Second Cir. No. 25-3169; *Candido v. Bondi*, No. 25-cv-867, 2025 WL 3484932 (W.D.N.Y. Dec. 4, 2025), Second Cir. No. 25-3159).

government also notes that "it would be futile to repeat the government's statutory interpretation arguments in opposing the [instant] habeas petition." *Id.*

The Court agrees with the government that it need not repeat its statutory interpretation here because the result of this case is the same as that in *O.F.B.*, 2025 WL 3277677, *R.P.L.*, 2025 WL 3731864, and *Ndiaye*, 2026 WL 99930. And, for the reasons this Court has already articulated in its decisions in those cases (and hundreds of others across the country), the Court concludes that Petitioner is currently being detained pursuant to Section 1226 and in violation of his rights to due process under the Fifth Amendment. *See O.F.B.*, 2025 WL 3277677, at *3–6; *R.P.L.*, 2025 WL 3731864, at *2–4; *Ndiaye*, 2026 WL 99930, at *3; *see also, e.g.*, *Tacuri*, 2026 WL 35569, at *3 (collecting cases).

Still, even if the government did repeat its statutory interpretation, and "even if the Court ignored the problems with [it], or the hundreds of district court decisions that have confronted this issue, and instead followed the minority view (which is [effectively] what the government asks here), the result would be the same—Petitioner's arrest and detention do not comport with due process." *See O.F.B.,* 2025 WL 3277677, at *6.

Accordingly, because the "typical remedy" for "unlawful executive detention" is "of course, release," *Munaf v. Geren*, 553 U.S. 674, 693 (2008), the government's ongoing detention of Petitioner, in the face of yet another complete failure of process, entitles him to immediate release, *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[R]elease from illegal custody" is the "usual remedy by which a man is restored again to his liberty, if he ha[s] been against law deprived of it.").

## CONCLUSION

For the reasons stated above, Petitioner's detention violates the Due Process Clause of the Fifth Amendment, and his petition for a writ of habeas corpus, ECF No. 1, is GRANTED.

The government is directed to immediately release Petitioner from custody and is further directed to certify compliance with the Court's Order by filing a letter on the docket no later than 12:00 p.m. on February 9, 2026. The Court further orders that Petitioner shall not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where Respondents will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a) or (c). For the avoidance of doubt, the Court concludes that Petitioner "is entitled to release from the unlawful restrictions on his liberty—which means, in the circumstances here, restoration of . . . the status quo ante." *Khabazha v. United States Immigr. & Customs Enf't*, No. 25-cv-5279, 2025 WL 3281514, at *8 (S.D.N.Y. Nov. 25, 2025) (ordering government release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements"). This Order includes "an injunction barring deprivation [of any] of the [Petitioner's] rights without the requisite procedural protections." *Id.*

The Clerk of Court is respectfully directed to enter judgment consistent with the Order and close the case.[8]

SO ORDERED.

/s/ *Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
February 6, 2026

---

[8] Nothing in this Order shall be construed as a determination on the lawfulness of the government's purported "right to, in the future, detain Petitioner under one or more of the subsections of § 1226(c)(1) or, as relevant, and an administratively final removal order is issued, under 8 U.S.C. § 1231, not least § 1231(a)(2)." ECF No. 8 at 3.